IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY PIERCE, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 16-499-CFC |
| | ) | Cr. A. No. 13-74-2-CFC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM OPINION[1]

Larry Pierce. *Pro se* Movant.

Alexander Ibrahim. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

January 22, 2019
Wilmington, Delaware

---

[1]This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, UNITED STATES DISTRICT JUDGE:

I.  **INTRODUCTION**

Movant Larry Pierce ("Movant") filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). (D.I. 223) The Government filed an Answer in opposition. (D.I. 241) For the reasons discussed, the Court will dismiss Movant's § 2255 Motion without holding an evidentiary hearing.

II. **BACKGROUND**

In June 2014, Movant pled guilty to armed robbery (18 U.S.C. §§ 2113(a), 2113(d), and 2) (Count Two), and use of a firearm in relation to a crime of violence (18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(3), 924(c)(4), and 2) (Count Three). (D.I. 87) In exchange, the Government agreed to move to dismiss Counts One and Five of the Indictment at or around the time of sentencing. (D.I. 141; D.I. 142) Paragraph Eleven of the Memorandum of Plea Agreement provides, in relevant part:

> The Defendant knows that he has, and voluntarily and expressly agrees to waive, the right to file any appeal, any collateral attack, or any other writ or motion in this criminal case after sentencing – including, but not limited to, an appeal under Title 18, United States Code, Section 3742 or Title 28, United States Code, Section 1291, or a motion under Title 28, United States Code, Section 2255 – except that the Defendant reserves his right to appeal on the following grounds: 1) the United States appeals the sentence, 2) the Defendant's sentence exceeds the statutory maximum for the offenses set forth in the United States Code, or 3) the sentence unreasonably exceeds the Sentencing Guideline range determined by the District Court in applying the United States Sentencing Guidelines.

(D.I. 87, ¶ 11)

During the initial plea colloquy on June 9, 2014, the Honorable Gregory M. Sleet asked Movant if he reviewed the Memorandum of Plea Agreement with defense counsel

and if the Memorandum contained the entire agreement between Movant and the Government. (D.I. 94 at 5-7) After Movant responded affirmatively, Judge Sleet made the Memorandum of Plea Agreement a physical part of the record. (D.I. 94 at 7) In response to Judge Sleet's inquiries, Movant stated affirmatively that he understood the rights he was waiving, the maximum penalties he faced, and that the Plea Agreement accurately reflected the agreement reached with the Government. (D.I. 94 at 8-11, 15-19) Judge Sleet read the appellate/collateral attack waiver provision to Movant, confirmed that Movant had consulted with his attorney regarding the waiver, and discussed in detail the implications of the waiver. (D.I. 94 at 13-14) Thereafter, during a side bar conference, defense counsel informed Judge Sleet that Movant had reservations about signing the plea with the appellate/collateral attack waiver. (D.I. 94 at 19-21. After further discussion with counsel, Judge Sleet decided to post-pone the plea in order to allow Movant some additional time to read the statutory sections (§ 3742, 1291, 2255) referenced in the waiver. (D.I. 94 at 21-22) At the subsequent plea hearing on June 24, 2014, Movant entered the plea and signed the plea agreement.

Movant filed the instant § 2255 Motion in June 2016.[2] The Motion asserts one ground for relief: *Johnson v. United States*, 135 S.Ct. 2551 (2015)[3] retroactively applies to his case and invalidates his conviction under § 924(c). Movant contends that he

---

[2]Movant's judgment of conviction was entered on December 20, 2014 (D.I. 143), and he did not appeal. Since Movant placed his Motion in the prison mailing sentencing on June 20, 2016 (D.I. 223 at 13), an unofficial statute of limitations computation indicates that the Motion is time-barred. However, Movant's sole argument relies on *Johnson v. United States*, 135 S.Ct. 2551 (2015), which was decided on June 26, 2015. As such, the Court concludes without analysis that the Motion is timely filed.

[3]*Johnson* held that that the residual clause of the Armed Career Criminal Act is unconstitutionally vague.

could not have raised the issue earlier because *Johnson* was decided after his conviction. In response, the Government moves for dismissal of the § 2255 Motion, arguing that the Motion is barred by the appellate/collateral attack waiver provision contained in Movant's Plea Agreement. (D.I. 241 at 2-4) Alternatively, the Government contends that Movant's Claim should be denied as meritless. (D.I. 241 at 4-8)

## III. DISCUSSION

The validity of an appellate/collateral attack waiver provision is a "threshold issue that must be addressed before reaching the merits of the underlying claim. *See United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008). As a general rule, courts will enforce a defendant's waiver of his appellate/collateral rights if it is "entered knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." *Id.* at 236-37. A court has an affirmative and "an independent obligation to conduct an evaluation of the validity of a collateral waiver." *Id.* at 238. Specifically, a court must consider: (1) whether the waiver was knowing and voluntary; (2) whether there is an exception to the waiver which prevents its enforcement; and (3) whether enforcement of the waiver would cause a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

### A. Voluntary and Knowing Nature of the Waiver

When determining if a waiver of the right to appeal or seek collateral review was knowing and voluntary, the reviewing court must determine if "the district court inform[ed] the defendant of, and determine[d] that the defendant under[stood] . . . the terms of any plea agreement provision waiving the right to appeal or to collaterally

attack the sentence as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." *Mabry*, 536 F.3d at 239. Having reviewed the transcript of the guilty plea hearing, as well as the parties' submissions, the Court concludes that Movant's waiver of his appellate/collateral review rights in exchange for certain promises from the Government was knowing and voluntary. As mandated by *Mabry*, the transcript of the plea hearing reflects that Judge Sleet explained the specific terms of the Plea Agreement, and questioned Movant to confirm that he understood the meaning of the provisions. Judge Sleet assured that Movant was competent, and that he had a full opportunity to discuss the agreement with plea counsel and make an informed decision. Notably, Judge Sleet reviewed the waiver paragraph with Movant in detail, and explained the rights he was relinquishing in exchange for the deal with the Government. (D.I. 94 at 12-14, 19-21) Judge Sleet even provided plea counsel and Movant additional time to review and discuss the waiver by continuing the remainder of the plea colloquy to a later date. (D.I. 85; D.I. 94 at 19-21)

This exchange clearly demonstrates that Movant's plea in general, and the waiver in particular, was knowing and voluntary. Moreover, and perhaps more significantly, Movant does not assert that his plea was unknowing or involuntary. For all of these reasons, the Court concludes that Movant has failed to demonstrate that his plea agreement in general, and his appellate/collateral waiver in particular, were not knowing and voluntary.

B. **Scope of the Waiver**

The next question is whether the sole Claim in Movant's § 2255 Motion falls within the scope of the waiver. According to the waiver provision, Movant waived "any collateral attack" after sentencing, including § 2255 motions. The use of the term "any" demonstrates that the waiver precludes Movant from challenging both his conviction and sentence.[4] In turn, none of the exceptions to the waiver apply to Movant's Claim. For example, the Government did not appeal the sentence, and Movant does not challenge his sentence on the ground that it exceeds the statutory limits or unreasonably exceeds the sentencing guideline range determined by the Court in applying the sentencing guidelines. Therefore, Movant's Claim does not prevent the enforcement of the waiver.

C. **Miscarriage of Justice**

Finally, the Court must determine if enforcing the waiver will result in a miscarriage of justice. When determining whether a miscarriage of justice will occur if the waiver were enforced, there is no specific list of circumstances that would constitute a miscarriage of justice. *Mabry,* 536 F.3d at 242. Rather, a court must apply a common sense approach and evaluate "the clarity of the error, its gravity, its character (*e.g.,* whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the

---

[4]The Court has found at least one court making a distinction between a waiver precluding a collateral attack on the Movant's conviction but not on Movant's sentence. *See, e.g., United States v. Pam,* 867 F.3d 1191, 1201 (10th Cir. 2017) (holding that collateral attack waiver barred Movant's challenge to his conviction, but did not bar Movant's challenge to his sentence under *Johnson*).

government and the extent to which the defendant acquiesced in the result." *United States v. Khattak*, 273 F.3d 557,563 (3d Cir. 2001). To that end, granting an exception to a waiver based on a miscarriage of justice must be done "sparingly and without undue generosity,"[5] and only where "manifest injustice" would result by enforcing the waiver. *See United States v. Gwinnett*, 483 F.3d 200, 206 (3d Cir. 2007).

The Court liberally construes Movant's sole Claim as also constituting an attempt to demonstrate that enforcing the collateral waiver would result in a miscarriage of justice, on the basis that enforcing the waiver would unfairly preclude Movant from challenging the constitutionality of his conviction and/or sentence under *Johnson*. The Court is not persuaded by this argument. As explained by the Supreme Court in *Brady v. United States*, 397 U.S. 742 (1970), a case where defendant's guilty plea was not invalidated by a subsequent ruling that the defendant would not have faced the death penalty:

> [J]udgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, **a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.** A plea of guilty triggered by the expectations of a

---

[5]*United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).

> competently counseled defendant that the State will have a strong case against him **is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.**

*Brady*, 397 U.S. at 756-57 (emphasis added). Citing *Brady*, the Third Circuit has explained that "[n]either a plea agreement nor a waiver of appeal is rendered unknowing or involuntary simply because a later court decision or statute expands a right waived in the agreement." *United States v. Adams*, 151 F. App'x 147, 152 (3d Cir. 2005); *see also Khattak*, 273 F.3d at 561 ("Waivers of the legal consequences of unknown future events are commonplace."). Notably, the Third Circuit upheld the validity of a collateral attack waiver in a plea agreement and rejected the defendant's request for resentencing under the Supreme Court's subsequent decision in *United States v. Booker*, 543 U.S. 220 (2005), explaining that the "waiver of an appeal will not be invalidated merely because unanticipated events occur in the future." *United States v. Lockett*, 406 F.3d 207, 213-14 (3d Cir. 2005). In addition, and particularly relevant to this case, the Third Circuit enforced an appellate waiver to bar a *Johnson* claim, explaining that "[a]n intervening change in law does not render the appellate waiver unknowing or involuntary." *United States v. Agurs*, 629 F. App'x 288, 290 n. 6 (3d Cir. 2015).

Based on the aforementioned caselaw, the Court concludes that Movant's collateral attack waiver is enforceable despite the subsequent change of law in *Johnson*. However, a consideration of the *Khattak* factors demonstrates that the enforcement of Movant's waiver would not work a miscarriage of justice. First, Movant

cannot demonstrate the "gravity of the alleged error" because he derived a benefit by entering into the plea agreement. *See Mabry v. Shartel*, 632 F. App'x 707, 711 (3d Cir. 2015) ("because [Movant] entered into a plea agreement, he cannot demonstrate the gravity of the alleged error.") For example, as defense counsel explained to Judge Sleet during the initial plea colloquy side bar conference, Movant could have agreed to enter an open plea and "not sign the plea agreement and not waive his appellate rights. However, should he do that, he would have to plead to all the counts in the indictment that relate to him." (D.I. 94 at 19) In other words, Movant's guidelines range was lower as a result of entering the guilty plea. *Id.* at 21.

Second, the Government would be adversely impacted if Movant was permitted to challenge his sentence. Not enforcing the collateral waiver would circumvent the gatekeeping requirements of § 2255 and provide an alternative route for more prisoners to challenge the propriety of their sentences. *See Mabry*, 632 F. App'x at 711.

Finally, Movant agreed to the result of the waiver, and permitting Movant to avoid the waiver would corrupt the bargain reached between Movant and the Government. *See Khattak*, 273 F.3d at 561 ("Allowing defendants to retract waivers would prolong litigation, affording defendants the benefits of their agreements while shielding them from their self-imposed burdens."). Thus, after considering the *Khattak* factors, the Court concludes that enforcing the collateral attack waiver at issue will not result in a miscarriage of justice.

Having determined that the waiver was knowing and voluntary, and that its enforcement will not result in miscarriage of justice, the Court concludes that the

collateral attack waiver in this case is valid. Accordingly, the Court will enforce Movant's valid collateral attack waiver and dismiss the instant § 2255 Motion.[6]

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. The record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes that an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Movant's § 2255 Motion is barred by the Plea Agreement's collateral attack waiver provision. Reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

---

[6]Given the Court's conclusion that Movant may not collaterally attack his sentence due to his waiver of such right in the Plea Agreement, the Court will not reach the merits of the Movant's *Johnson* Claim.

9

## VI. CONCLUSION

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.